**Leona DIXON, Administratrix of the Estate of John C. Dixon, Deceased, Plaintiff-Appellee,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, a corporation, Defendant-Appellant.**

**No. 77–2897.**

United States Court of Appeals, Ninth Circuit.

July 10, 1978.

---

James H. Clarke, of Dezendorf, Spears, Lubersky & Campbell, Portland, Or., for defendant-appellant.

Miles Sweeney, of Yerkovich, Gilbertson & Brownstein, Portland, Or., for plaintiff-appellee.

Before BROWNING and WALLACE, Circuit Judges, and RENFREW,* District Judge.

WALLACE, Circuit Judge:

Southern Pacific Transportation Company (Southern Pacific) appeals from a substantial judgment entered against it in this wrongful death action. Southern Pacific correctly argues that the presiding magistrate committed clear error in the administration of the jury trial. In light of the particular facts of the case, however, we conclude that the error was harmless and therefore affirm.

I

In 1974, Dixon's husband was struck and killed by a train operated by Southern Pacific. Dixon brought a diversity action in the district court to recover for the allegedly wrongful death of her spouse. The trial was conducted by a United States Magistrate by stipulation of the parties. The substantive issues raised during the trial were governed by Oregon law.

At the close of the evidence, the magistrate instructed the jury on Oregon's comparative negligence law. During the course of the jury's deliberations, one of its members handed a note to the bailiff and asked that it be given to the magistrate. The bailiff telephoned the magistrate and read the note to him. The note stated:

> We are having difficulty with the wording of the verdict. On question 3, if the percentage of negligence (to John Dixon) is greater than 50% does that mean that *no* money is awarded to Mrs. Dixon. For example, if the jury finds 70% blame on John Dixon and 30% on the railroad does that mean that Mrs. Dixon will get a 30% award or that she gets nothing.

The magistrate responded by directing the bailiff to tell the jury "that she would get nothing." While the magistrate's response was not formally made on the record, the

---

* Honorable Charles B. Renfrew, United States District Judge, Northern District of California, sitting by designation.

parties do not dispute the substance of his answer.

Southern Pacific now argues that the magistrate's communication to the jury made off the record and without notice to counsel constituted reversible error.

## II

■ The Supreme Court has explicitly addressed itself to the problem presented by this case:

> We entertain no doubt that the orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict. Where a jury has retired to consider of its verdict, and supplementary instructions are required, either because asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object. Under ordinary circumstances, and wherever practicable, the jury ought to be recalled to the court room, where counsel are entitled to anticipate, and bound to presume, in the absence of notice to the contrary, that all proceedings in the trial will be had. In this case the trial court erred in giving a supplementary instruction to the jury in the absence of the parties and without affording them an opportunity either to be present or to make timely objection to the instruction.

*Fillippon v. Albion Vein Slate Co.,* 250 U.S. 76, 81, 39 S.Ct. 435, 436, 63 L.Ed. 853 (1919). The Court recently reaffirmed the *Fillippon* holding in applying the same rule to a criminal case. *Rogers v. United States,* 422 U.S. 35, 38, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975). *See also Shields v. United States,* 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927). We therefore conclude that in the case before us, the magistrate clearly erred in giving the supplemental instruction to the jury in the manner described.

Our conclusion that error occurred does not necessarily result in reversal. We concur in the analysis of Judge Hand in applying the same principle:

> [L]ike other rules for the conduct of trials, it is not an end in itself; and, while lapses should be closely scrutinized, when it appears with certainty that no harm has been done, it would be the merest pedantry to insist upon procedural regularity.

*United States v. Compagna,* 146 F.2d 524, 528 (2d Cir. 1944), *cert. denied,* 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422 (1945).

In *Rogers v. United States, supra,* 422 U.S. at 40, 95 S.Ct. 2091, the Court indicated that this type of improper communication between judge and jury may in some circumstances be harmless error, even in a criminal trial. This being so, we believe a fortiori that it may be harmless in a civil trial.[1] Accordingly, our task is to determine whether, on the particular facts of this case, the error was harmless under the principle embodied in Rule 61 of the Federal Rules of Civil Procedure.[2] *Charm Pro-*

---

1. There is of course a fundamental distinction between this type of "secret communication" occurring in a civil as opposed to a criminal trial. In a criminal trial, the defendant has a constitutional right to counsel and to be represented at each stage of the trial. On this basis, we have held that when this type of error occurs in a criminal trial, it requires reversal unless harmless beyond a reasonable doubt. *Bustamante v. Eyman,* 456 F.2d 269 (9th Cir. 1972). The civil trial, however, is not fraught with these constitutional considerations.

2. Southern Pacific argues that because the nature of this error is so plain, it must pass some increased standard to be deemed harmless. To be sure, the earlier cases dealing with improper judge-jury communications were inconsistent in formulating a test for harmlessness. It was unclear whether the appellant was required to show both error and prejudice, or whether prejudice was conclusively or rebuttably presumed. *See Charm Promotions, Ltd. v. Travelers Indemnity Co.,* 489 F.2d 1092, 1095 (7th Cir. 1973), *cert. denied,* 416 U.S. 986, 94 S.Ct. 2390,

*motions, Ltd. v. Travelers Indemnity Co.,* 489 F.2d 1092, 1096 (7th Cir. 1973), *cert. denied,* 416 U.S. 986, 94 S.Ct. 2390, 40 L.Ed.2d 763 (1974).

In light of the entire record, we are convinced that the improper communication did "not affect the substantial rights of the parties," and was therefore harmless. Fed. R.Civ.P., 61. *See generally,* 11 C. Wright & A. Miller, Federal Practice & Procedure § 2883 (1973). Moreover, we would reach this conclusion under any of the possible standards for determining "harmlessness" in civil trials. *See generally United States v. Valle-Valdez,* 554 F.2d 911, 914–16 (9th Cir. 1977).

The jury's question was whether Dixon would receive any recovery if it were to find the decedent guilty of more than 50% comparative negligence. The magistrate responded that she would recover nothing if the jury so found. First, the magistrate's answer was indisputably correct under Oregon law. *See* Or.Rev.Stat. § 18.470. Second, the answer to the jury's question was apparent from the face of the verdict form itself. Interrogatory number three stated in part:

> If John Dixon's percentage is greater than 50%, your verdict is for Southern Pacific. Your foreperson should sign this verdict form. Do not answer any further questions.

Third, shortly before it retired, the jury was clearly instructed by the magistrate that "plaintiff may not recover if John Dixon's fault is greater than Southern Pacific's negligence, if any." [3] In addition, the wording of the supplemental instruction was incapable of misunderstanding and could not be materially improved or clarified. Finally, there is no reason to believe that the jury gave undue weight to the supplemental instruction or failed to consider all the instructions as a whole.

We emphatically hold, therefore, that the magistrate's off-the-record communication to the jury without notice to counsel was error. On these facts, however, the error did not affect substantial rights and was thus harmless.

AFFIRMED.

40 L.Ed.2d 763 (1974) and authorities cited therein. *See also Ah Fook Chang v. United States,* 91 F.2d 805, 810 (9th Cir. 1937).

There is no reason to treat this error differently than other types of non-constitutional errors in the administration of civil trials. Therefore, we join the cases, cited in the text, analyzing the harmlessness issue pursuant to Rule 61.

**3.** Oregon, unlike other states, expressly provides that the jury shall be informed of the legal effect of its allocation of comparative negligence. *See* Or.Rev.Stat. § 18.480(2). *See generally* Comment, *Jury Blindfolding in Comparative Negligence Cases,* 1975 Utah L.Rev. 569. Thus, the content of the magistrate's communication was in line with state law.