Ralph LYONS and Bettye Lyons, husband & wife, d/b/a, Lyons Logging Co., Appellants,

v.

RAINIER MANUFACTURING CO., INC., a corporation, Appellee.

Ralph LYONS and Bettye Lyons, husband & wife, d/b/a, Lyons Logging Co., Appellees,

v.

RAINIER MANUFACTURING CO., INC., a corporation, Appellant.

Nos. 76–2051, 77–2467.

United States Court of Appeals, Ninth Circuit.

Feb. 21, 1979.

As Modified on Denial of Rehearing April 30, 1979.

John Gavin (argued), of Gavin, Robinson, Kendrick, Redman & Mays, Yakima, Wash., for appellants.

William F. Lenihan (argued), of Lenihan, Ivers, Jensen & McAteer, Seattle, Wash., for appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and WILLIAMS *, District Judge.

PER CURIAM:

Through no one's fault, the district judge trying this action for breach of contract had to be absent from the place of trial while the jury finished its deliberations. A substitute judge agreed to receive the verdict. During deliberation the substitute communicated with the obviously confused jury[1]

---

* The Honorable Spencer Williams, United States District Judge for the Northern District of California, sitting by designation.

1. "THE COURT: * * * I believe I asked you last night if you had reached an agreement or arrived at a verdict, which would be a better way of putting it, and the Foreman advised me that he didn't think so, so how is the situation today, any change?

"THE FOREMAN: Well, yes, sir, I just don't think we had enough, consider our-

and later received its unusual verdict[2] without informing the parties or their counsel, who were absent during the proceedings before the substitute judge.

Before the first judge left, he agreed to call parties and counsel back to the courthouse before speaking to the jury. He had called them back earlier when the jury had sent out questions. Plaintiff contends, among other things, that the failure of the substitute judge to notify counsel about the jury communications, and the receipt of the verdict in counsel's absence, resulted in reversible error.

Our analysis of these issues begins with the Supreme Court's teaching in *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, 81, 39 S.Ct. 435, 436, 63 L.Ed. 853 (1919):

> "We entertain no doubt that the orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict. * * * "

■ A recent decision of this court has established that giving supplementary jury instructions on substantive law in the absence of counsel is not reversible error if it is harmless under Fed.R.Civ.P. 61. *Dixon v. Southern Pacific Transportation Co.*, 579 F.2d 511 (9th Cir. 1978), *following Fillippon v. Albion Vein Slate Co.*, *supra*. Administrative charges or similar communications to the jury, such as the communication prior to the receipt of the verdict here, are also governed by Rule 61. *General Motors Corp. v. Walden*, 406 F.2d 606 (10th Cir. 1969). No prejudice to any party was shown on the record in this case, and we therefore hold that the preverdict communication to the jury foreman, if erroneous, was harmless.

■ The absence of counsel at the receipt of the verdict, however, was a different kind of problem: It was prejudicial. A jury finding that neither party suffered damages though both had breached the contract would at least plant suspicion in counsel's mind that the verdict did not say what the jury meant it to say. In such case, most counsel would request the judge to question the jury or propound written interrogatories to ensure that the verdict reflected the jury's true findings. *See Continental Baking Co. v. Old Homestead Bread Co.*, 476 F.2d 97, 109–10 (10th Cir.), *cert. denied*, 414 U.S. 975, 94 S.Ct. 290, 38 L.Ed.2d 218 (1973) (questions and interrogatories cure ambiguous verdict).

Where, as here, the judge did no more in the face of the unusual verdict than poll and dismiss the jury, we must infer that counsel's absence during the court's receipt of the verdict was prejudicial. Even though the earlier communication to the jury was harmless, the later absence of counsel requires a new trial.

We recognize that a zero-damages verdict is not per se invalid. *E. g.*, *Wingerter v. Maryland Casualty Co.*, 313 F.2d 754, 756–57 (5th Cir. 1963). Had counsel been present at the delivery of the verdict and remained silent, that verdict would stand. Our holding does not question the verdict itself; it turns instead upon the impropriety of excluding counsel from an integral part of the trial.

As agreed to by the parties, certain accounting issues were severed for later determination by the court without a jury. Because the court-only adjudication was based on the same contract as that in issue in the improperly terminated jury proceed-

---

selves, not being accountants, enough evidence to set any kind of figure on this and at the end of the trial they decided that this was going to be set on____

"THE COURT: (Interposes)—I don't want you to tell me about that. * * * You can go back there and talk about it and you can let the Marshall [sic] know; but that's all my inquiry is directed to, not what you're talking about, but just the question of whether or not you can arrive at a verdict. * * * "

2. The jury announced that it found for plaintiffs, on their claim and for defendant on its counterclaim, but that neither plaintiff nor defendant was entitled to damages.

ing, and because the court based part of its calculations on the assumption that the zero-damages verdict was free from error, there must be a new trial on all issues. Therefore, we need not pass on the other assignments of error from this unusual trial.

Vacated and remanded.