Benjamin T. GLANZMAN, individually; Harold Robbins, as guardian Ad Litem for his minor child, Patrick D. Robbins; Harold Robbins, individually, Plaintiffs–Appellees,

v.

UNIROYAL, INC., aka/Uniroyal Tire Company, a New Jersey corporation, Defendant–Appellant.

No. 88–4072.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1989.

Decided Dec. 19, 1989.

Gary L. Morgan, Caldwell, Idaho, for plaintiffs-appellees.

Patrick D. Furey, Imhoff & Lynch, Boise, Idaho, for defendant-appellant.

Before NELSON, BOOCHEVER and TROTT, Circuit Judges.

NELSON, Circuit Judge:

This case comes to us on appeal from the United States District Court for the District of Idaho. We affirm and impose sanctions on the appellant.

## BACKGROUND

On April 17, 1985, Benjamin Glanzman and his passenger were injured when a tire on their vehicle blew out. Glanzman brought a products liability action against Uniroyal in Idaho state court alleging claims in negligence, strict product liability, and breach of warranty. Uniroyal removed the action to the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1441. Glanzman alleged that the tire on the vehicle blew out as a result of a manufacturing defect. Glanzman introduced a number of witnesses, both expert and eyewitness, who testified as to the probable cause of the tire's fail-ure or the condition of the road when the tire blew out. Uniroyal responded that the tire was destroyed by the impact of a road hazard. It pointed to the prior exemplary performance of the tire for over 40,000 miles, the absence of critical pre-failure indicia, and the presence of broken tire materials protruding inward, rather than outward. The jury found for Glanzman on all counts and awarded damages in the amount of $155,000.00 to Glanzman and $5,000 to his passenger. Uniroyal moved for a new trial on the grounds that 1) there was insufficient evidence to support the jury's verdict in favor of Glanzman, and 2) the district court made a reversible error by admitting into evidence certain unanswered interrogatories. The district court denied the motion. Uniroyal appeals from the final judgment and seeks review of the ruling on the new trial motion. We affirm the decision of the district court.

## STANDARD OF REVIEW AND JURISDICTION

We review for abuse of discretion a district court's denial of a motion for a new trial. *McKinley v. City of Eloy*, 705 F.2d 1110, 1117 (9th Cir.1983). We review for abuse of discretion the evidentiary decisions of the district court. *M.A.P. Oil Co. v. Texaco*, 691 F.2d 1303, 1310 (9th Cir. 1982).

This is a diversity action with federal court jurisdiction based upon 28 U.S.C. § 1332. The appellate court jurisdiction is based upon 28 U.S.C. § 1291. The tort forming the base of the lawsuit occurred in Idaho. Therefore, we are required to apply Idaho law in deciding the issue. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Wirth v. Clark Equip. Co.*, 457 F.2d 1262 (9th Cir.), *cert. denied*, 409 U.S. 876, 93 S.Ct. 127, 34 L.Ed.2d 129 (1972).

## DISCUSSION

### SUFFICIENCY OF THE EVIDENCE

Uniroyal argues that the evidence introduced by Glanzman was mere specula-

tion and did not support the jury's verdict that Uniroyal was liable for the tire's failure. Under Idaho law, a plaintiff who brings a products liability action may rely upon circumstantial evidence and the inferences arising therefrom based on expert opinion testimony on the condition of the product after the accident. A plaintiff need not prove a specific defect to carry his burden of proof. He may prove a prima facie case by direct or circumstantial evidence of a malfunction of the product and the absence of evidence of abnormal use and the absence of evidence of reasonable secondary causes which would eliminate liability of the defendant. *Farmer v. International Harvester Co.*, 97 Idaho 742, 747, 553 P.2d 1306, 1311 (1976).

Glanzman presented the following evidence on the issue of the cause of the tire's failure: 1) the testimony of Glanzman's passenger, Pat Robbins: Robbins testified that he saw no object in the road and that Glanzman did not hit the brakes prior to the blowout; 2) the testimony of Dale Odom, a motorcyclist who had followed behind Glanzman's vehicle for approximately four to five miles prior to the accident: Odom testified that he did not see Glanzman's brake lights prior to the blowout and he did not observe any large objects in the roadway; 3) the testimony of Investigating Officer John Taylor: Officer Taylor arrived on the scene soon after the accident. He testified that he observed no skid marks caused by the blown out tire; 4) the testimony of Fred Aspiazu: Aspiazu had been in the tire business for thirty years and owned the Goodyear dealership that had sold Glanzman the tires that were on the vehicle at the time of the blowout. Aspiazu testified that Glanzman maintained the tires that he bought from him and that Glanzman brought them in regularly for service. Aspiazu also testified that he thought that a separation in the tire had caused the blowout. He stated that none of Glanzman's tires was abused and that interior bulges in the three remaining tires on Glanzman's vehicle indicated that there was an ongoing separation problem which was not caused by the impact; 5) the testimony of John A. Seable: Seable had eigh-

teen years of experience in the tire business. He was currently the manager of a large retail tire shop and, although he was not a Uniroyal dealer, he had sold approximately 400 of the type of tire that blew out on Glanzman's vehicle. After the accident, it was Seable who removed the tire in question from Glanzman's vehicle. He testified that none of Glanzman's four tires had been abused, that the interior bulges in the three tires were evidence of ongoing separation, and that the bulges were not caused by impact. Seable stated that if Glanzman's vehicle had struck an object large enough to cause the blowout, the passengers certainly would have known it, that steel radial tires like the tire in question rarely have impact blowouts, and that he had observed many separation problems at the 25,000 to 35,000 mile point (5,000–15,000 miles below the point at which Glanzman's tire blew out); 6) the testimony of Gerald Stuart: Stuart had thirty years of experience in the tire business. He testified that he thought that tire separation caused the blowout; 7) the testimony of William Bice: Bice was an expert retained by Glanzman. He had twenty-seven years of experience in the engineering and design of tires and fifteen years of experience as a private tire consultant. Bice examined the failed tire and the three other tires from Glanzman's vehicle and determined that they showed definite signs of ongoing belt edge separation. Bice stated that it was his opinion that the tire in question failed due to a built-in defect at the time of manufacture; 8) the testimony of Merlin Glanzman, the father of plaintiff-appellee Benjamin Glanzman: Merlin Glanzman testified that the truck involved in the accident was used mainly for recreational use. He testified that he had bought the tires from Aspiazu and had Aspiazu service the tires on a regular basis. He further testified that the tires on the vehicle involved in the accident had been checked just three weeks prior to the accident.

When a jury verdict has been returned and has been considered by the district court judge in the light of a motion for judgment notwithstanding the verdict and

in the alternative for a new trial, the scope of appellate review is strictly limited. The appellate court has a duty to affirm if all of the evidence together with favorable inferences therefrom reasonably support the determination of fact made by the jury, and the judgment of the court. *Beverage Distrib. v. Olympia Brewing Co.*, 440 F.2d 21, 24 (9th Cir.), *cert. denied*, 403 U.S. 906, 91 S.Ct. 2209, 29 L.Ed.2d 682 (1971). In light of the weight of the evidence presented by Glanzman, we conclude that the district court did not abuse its discretion when it ruled that Glanzman presented substantial evidence in support of his claim that the tire to his vehicle blew out due to a manufacturing defect.

## THE USE OF THE INTERROGATORIES

■ Uniroyal further argues that the district court made a reversible error by allowing Glanzman to introduce certain unanswered interrogatories in its impeachment of Uniroyal's expert witness, Walter Harm. Even if Judge Ryan did abuse his discretion in allowing Glanzman to introduce the interrogatories, this decision does not constitute reversible error. "A court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Fed.R.Civ.P. 61. Additionally, the Ninth Circuit has held that the concept of harmless error also applies on appeal. If an error does "not affect the substantial rights of the parties" it will be deemed "harmless" and not grounds for reversal or appeal. *Dixon v. Southern Pac. Transp. Co.*, 579 F.2d 511, 514 (9th Cir.1978). As Learned Hand wrote, "[L]ike other rules for the conduct of trials, it [an evidentiary rule] is not an end in itself; and, while lapses should be closely scrutinized, when it appears with certainty that no harm has been done, it would be the merest pedantry to insist upon procedural regularity." *United States v. Compagna*, 146 F.2d 524, 528 (2d Cir.1944), *cert. denied*, 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422 (1945). In view of the overwhelming evidence presented by Glanzman at trial, Judge Ryan's ruling on the use of the interrogatories did not affect the substantial rights of the parties and was therefore harmless.

## ATTORNEY'S FEES

■ Glanzman requests that this court award to him attorney's fees because Uniroyal's appeal was frivolous. Appellate courts have discretion to award damages, attorney's fees, and single or double costs as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912. *See also Wood v. Santa Barbara Chamber of Commerce*, 699 F.2d 484, 485 (9th Cir. 1983). "An appeal is considered frivolous in this circuit when the result is obvious or the appellant's arguments are wholly without merit." *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir.1981) (citations omitted). "[T]he decision to appeal should be a considered one, ... not a knee-jerk reaction to every unfavorable ruling." *DeWitt v. Western Pac. R.R. Co.*, 719 F.2d 1448, 1451 (9th Cir.1983). *See also Malhiot v. Southern Cal. Retail Clerk's Union*, 735 F.2d 1133, 1137–38 (9th Cir.1984).

■ Uniroyal had no basis for appeal. Neither of its claims possessed a foundation in fact or law. Moreover, while we do not contend that Uniroyal had such a purpose in abusing the appellate process, we are aware that parties may use the costs of defending meritless appeals to coerce reductions in amounts properly awarded. Because Uniroyal's appeal was frivolous, we sanction Uniroyal by awarding attorney's fees to Glanzman pursuant to Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1912. In doing so, we remand for computation of the amount of the attorney's fees because Glanzman's attorney did not specify the number of hours spent preparing the appeal and the appropriate hourly fee to be applied.

## CONCLUSION

We affirm the decision of the district court, award attorney's fees to Glanzman, and remand for their computation. AFFIRMED.