892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry Maxwell GOODSON, Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF CORRECTIONS; David Cluff; Alex
Cordova, Captain, Defendants-Appellees.
 No. 88-15345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1989.*
Decided Dec. 22, 1989.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Maxwell Goodson, a pro se litigant, appeals from the district court's denial of his motion for new trial. We affirm.
 
 BACKGROUND
 
 3
 Plaintiff-appellant Goodson, an inmate at the Arizona State Prison, filed on June 6, 1984 a pro se complaint under 42 U.S.C. § 1983 in the District Court for the District of Arizona. His complaint alleged that on April 15, 1984 he was sexually assaulted with a cane by several prison guards.
 
 ANALYSIS
 
 4
 Denial of a new trial is reviewed for abuse of discretion. Hard v. Burlington Northern R.R., 812 F.2d 482, 483 (9th Cir.1987).
 
 
 5
 Goodson first argues that the trial court erred in admitting evidence concerning his psychological condition on the grounds that (1) the issue of his mental condition was not specifically included in the pretrial order; (2) defendants' experts were not listed by name in the pretrial order; and (3) the evidence was not relevant.
 
 
 6
 It is well established that a pretrial order "shall control the subsequent course of action unless modified by a subsequent order." Fed.R.Civ.P. 16(e); Eagle v. American Telephone and Telegraph Co., 769 F.2d 541, 548 (9th Cir.1985). This rule, of course, applies to those portions of a pretrial order which list the witnesses to be called and the issues to be tried. See United States v. Lummi Indian Tribe, 841 F.2d 317, 320 (9th Cir.1988) (excluding witness not listed in pretrial order); ACORN v. City of Phoenix, 798 F.2d 1260, 1272 (9th Cir.1986) (excluding all evidence on issue not implicitly included in the pretrial order.) Nevertheless, the rule is not inflexible.
 
 
 7
 The decision whether a witness not named in the pretrial order may testify is a "matter[ ] peculiarly within the trial court's discretion." Farro Precision, Inc. v. International Bus. Machine Corp., 673 F.2d 1045, 1058 (9th Cir.1982), cert. denied, 471 U.S. 130, 105 S.Ct. 2064,, 86 L.Ed.2d 280 (1985). The court may permit witnesses to testify who have not been mentioned in the pretrial order unless the testimony is offered in bad faith or would unfairly prejudice an opposing party. [citation omitted].
 
 
 8
 Brick Masons Pension Trust v. Indus. Fence & Supply, 839 F.2d 1333, 1340 (9th Cir.1988).
 
 
 9
 There is no evidence here of bad faith or unfair prejudice. First, the pretrial order listed as witnesses Goodson's treating psychologist and psychiatrist and listed as exhibits Goodson's psychological and psychiatric records. Thus, the issue of appellant's mental condition is implicitly included in the pretrial order. See Miller v. Safeco Title Insurance Co., 758 F.2d 364, 368 (9th Cir.1985) ("A pretrial order will be liberally construed to permit consideration of any issues that are 'embraced within its language.' ") (quoting United States v. First National Bank of Circle, 652 F.2d 882, 886 (9th Cir.1981)). Second, the pretrial order implicitly identifies defendants' expert witnesses. See Bass by Lewis v. Wallenstein, 769 F.2d 1173, 1185 n. 9 (7th Cir.1985). Finally, the trial court had appellant's former attorney, Mr. Black, return to testify before deciding whether to allow the testimony. Under oath, Black informed the court that counsel for the defendants had notified him prior to trial that appellant's mental condition would be an issue and of the identity of the testifying experts. Black further stated that he was prepared for their testimony. The trial court reasonably concluded that appellant's surprise concerning the expert testimony, if any, was occasioned by appellant's own decision to dismiss his attorney on the morning of trial. Accordingly, the court acted well within its discretion in allowing defendants' expert witnesses to testify.
 
 
 10
 Goodson's contention that the admitted testimony was not relevant is likewise without merit. The court's evidentiary rulings are reviewed for an abuse of discretion and will not be reversed absent prejudice. Roberts v. College of the Desert, 820 F.2d 1411, 1418 (9th Cir.1988). Goodson's complaint alleged that he was sexually assaulted on April 15, 1984. Dr. Menendez testified that between April 14 and April 25, 1984 Goodson suffered from psychosis, which he described as a condition where there is substantial impairment of contact with reality and which almost invariably includes delusions, hallucinations and illusions. Raj Srivastana testified that he saw Goodson on the morning of April 16, 1984 and that Goodson's behavior was indicative of psychotic exalt and that he believed Goodson was suffering from paranoia. Dr. Cassady testified that Goodson was, in April 1984, a paranoid person who occasionally had psychotic episodes.
 
 
 11
 It is clear that the foregoing opinion evidence, if believed, tends to make it less likely that Goodson was sexually assaulted; and it is beyond debate that whether or not the alleged sexual assault actually took place is a material fact in this lawsuit. Thus, the relevance requirements of Fed.R.Evid. 401 are fully satisfied. And, contrary to Goodson's assertion, the trial court did not abuse its discretion in admitting evidence regarding Goodson's mental condition prior to 1984. It appears that psychological evaluations of Goodson made prior to April 1984 were referred to by a single expert witness and then only as a basis for his opinion that Goodson was a paranoid person in April 1984. The use of the earlier psychological evaluations for this limited purpose is not improper since practicing psychologists commonly rely upon previous evaluations in evaluating a patient's current mental status. See Fed.R.Evid. 703.
 
 
 12
 Goodson next argues that the district court's denial of his request for a postponement of the trial for the purpose of having witnesses subpoenaed constitutes grounds for new trial. Here, the district court's denial of a postponement effectively resulted in an exclusion of evidence. Evidentiary rulings, as noted above, are committed to the sound discretion of the trial court. Roberts, 870 F.2d at 1148. In testimony given before the court made its ruling, Mr. Black stated that he had made the strategic decision not to call the witnesses; that he had so notified defense counsel; that Goodson had agreed to this strategy; and that none of the available witnesses had been eyewitness to the complained of incident and that they were merely going to testify as to Goodson's credibility. Given that Goodson formally dismissed his attorney only moments before trial proceedings were to begin and the apparent testimony to be excluded was of questionable relevance, the trial court did not abuse its discretion in denying the request for a postponement. The general rule is that parties are bound by the pretrial agreements made by their attorneys. See 3 Moore's Federal Practice, § 16.20 at 16-105 (1989). Goodson has failed to advance any convincing reason why this rule should not apply in this case.
 
 
 13
 Goodson's argument for new trial on the basis of excluded evidence is rejected in any event because he has failed to make any showing whatsoever that he suffered prejudice from the trial court's ruling. See Roberts, 870 F.2d at 1418; Fed.R.Evid. 103(a)(2). The improper exclusion of evidence is a ground for new trial only if it is prejudicial. See 6A Moore's Federal Practice, § 59.08 at 59-82 (1989). In neither his motion for new trial nor in his brief on appeal has Goodson even remotely indicated what the excluded testimony would have been, how it would relate to any material issue in the case, or that the testimony would have likely affected the outcome of the trial.
 
 
 14
 Goodson also complains of the procedural manner in which the trial court dealt with a question sent to the court by the deliberating jury. The court requested counsel for the defendants to enter his chambers and then read to counsel the jury's question. The court then telephoned Goodson in his holding cell and read to him the question. Goodson contends, among other things, that it was reversible error for the court to examine the jury's question outside of his physical presence. Parties are entitled to be " 'present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict.' " Lyons v. Rainer Mfg. Co., Inc., 594 F.2d 1236, 1237 (9th Cir.1979) (quoting Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 81 (1919)). We need not decide, however, whether the appellant in this case was effectively absent during the trial court's examination of the jury's question. As the court in Lyons stated,
 
 
 15
 [T]his court has established that giving supplemental jury instructions on substantive law in the absence of counsel is not reversible error if it is harmless under Fed.R.Civ.P. 61. Dixon v. Southern Pacific Transportation Co., 579 F.2d 511 (9th Cir.1978), following Fillippon v. Albion Vein Slate Co., supra. Administrative charges or similar communications to the jury, such as the communication prior to the receipt of the verdict here, are also governed by Rule 61. [citation omitted]
 
 
 16
 Id. The record in this case shows that appellant suffered no prejudice: only the court communicated with the jury and, as it turned out, the question went unanswered. Therefore, we hold that the court's examination of the jury's question in appellant's telephone "presence" only, if erroneous, was harmless.
 
 
 17
 Goodson's remaining contentions, which he raises for the first time on appeal, involve: (1) charges that his appointed counsel conspired with the Arizona Attorney General's office, the U.S. Department of Justice and the trial judge resulting in "false representation" and ineffective assistance of counsel; (2) newly discovered evidence to support the above charges; (3) an allegation that the trial judge had a hearing impairment which caused appellant to suffer prejudice; and (4) an allegation that one of his trial exhibits was "conceded" by his appointed counsel. These contentions may be dealt with summarily. In this circuit, "[i]ssues not raised below will generally not be considered on appeal," although a court "may exercise [its] discretion to hear such an issue in some narrow circumstances." Grauvogel v. C.I.R., 768 F.2d 1087, 1090 (9th Cir.1985). We decline to exercise our discretion here because appellant has failed to specify any facts to support either his vague and conclusory conspiracy allegations or any of his other contentions. Cf. Id.; See Salmeron v. United States, 724 F.2d 1357, 1365 n. 5 (9th Cir.1983).
 
 
 18
 Based on the foregoing, the district court's denial of appellant's motion for new trial is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3