967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charisse MCGEE, et al., Plaintiffs-Appellants,
v.
COUNTY OF LOS ANGELES, et al.; Visiting Nurses Association
of Pasadena; Visiting Nurses Association of Los Angeles,
Inc.; Carol Desouza; Van Polich, M.D.; H. Sideropoulos,
M.D.; City of Pasadena, City of Pasadena, et al.;
Huntington Memorial Hospital; Edward N. Snyder, M.D.;
Edwin Suddleson, M.D.; John Faubion and Stephanie Woodyard;
Villa Oaks Convalescent Hospital; St. Luke Medical Center
and Patricia O'Fallon; Summit Health, Ltd.; Frederick
McKay, M.D.; David Dahl, M.D.; St. Luke Med. Center;
Patricia O'Fallon, Defendants-Appellees.
 No. 91-55421.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1992.*
Decided May 29, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal comprises the latest development in a long running controversy, fought on many fronts, for the care and conservatorship of Martha Sweet initiated by her conservator daughter, June McGee and other members of her family (collectively "McGees") against various public officials and private medical personnel (collectively "County et al."). The McGees brought the present federal action and appeal after extensive litigation in state probate court, after filing other state actions, and after litigating a prior federal suit and its appeal to this court. We affirm and award sanctions.
 
 
 3
 * Despite the panoramic approach of the McGees' brief and arguments, we are faced with a very narrow issue. The McGees concede that we are only presented with their 42 U.S.C. §§ 1983-1986 claims regarding conduct occurring after the settlement entered into on January 2, 1990. On that date, the parties entered into a settlement of the McGees' claims in the earlier federal action which is not before us. Since final judgment has been rendered in that case, res judicata commands that neither party can relitigate issues decided there. The McGees' appeal in this case is entirely separate from that earlier case.
 
 
 4
 In addition, we are not faced with any questions regarding the possible breach of that settlement. In the case before us, the district court properly dismissed the pendent state law question, the alleged breach of the settlement, for lack of jurisdiction once it had dismissed the federal question aspect of the action. See 28 U.S.C. § 1367(c)(3). The McGees expressly excluded that issue in their brief to this court. Hence, this appeal concerns only the McGees' allegations that the County et al. violated their civil rights by conduct in the probate court after January 2, 1990.
 
 II
 
 5
 The McGees failed to state a claim that the County et al. violated their civil rights by actions committed after January 2, 1990 in the probate court. Fed.R.Civ.P. 12(b)(6). The majority of the County et al. parties were not even involved in the conservatorship controversy after that date. The McGees failed to state a claim because they did not plead the existence of facts showing the County et al. violated the McGees' civil rights or that the McGees "would be entitled to [ ] relief under any state of facts that could be proved." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984) (quoting Halet v. Wend Investment Co., 672 F.2d 1305, 1309 (9th Cir.1982)).
 
 
 6
 * County of Los Angeles, Public Guardian, Attorneys, and Almquist
 
 
 7
 The McGees did not plead any facts showing a policy or custom of the County of Los Angeles or the Public Guardian which resulted in a violation of their civil rights. Local governmental entities cannot be held liable under section 1983 unless their officials inflict an injury pursuant to an official policy or custom. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). The County and the Public Guardian can only be liable if they were the actual cause of the constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989).
 
 
 8
 By failing to plead any facts showing a custom or policy which possibly violated their civil rights, the McGees did not state a claim against these governmental entities. " 'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.' " Price v. Hawaii, 939 F.2d 702, 708 (9th Cir.1991) (quoting Jones, 733 F.2d at 649), cert. denied, 112 S.Ct. 1479 (1992). In addition, the County and Public Guardian social worker employees have absolute immunity. Meyers v. Contra Costa County Dep't of Social Servs., 812 F.2d 1154, 1156-57 (9th Cir.), cert. denied, 484 U.S. 829 (1987).
 
 
 9
 The McGees also failed to state a section 1983 claim against the individual attorneys who appeared in probate court after January 2, 1990. The complaint alleged claims concerning breach of contract, fraud, malicious prosecution, abuse of process, and infliction of emotional distress. However, these are state law claims regarding the settlement agreement and are not on appeal here. See Woodrum v. Woodward County, OK., 866 F.2d 1121, 1126 (9th Cir.1989). Hence, the complaint was properly dismissed against the individual attorneys because the facts pled by the McGees did not state a section 1983 claim.[1]
 
 
 10
 Almquist, who was appointed by the probate court to represent Martha Sweet, was not acting under color of state law but instead entered a normal attorney client relationship. Cf. Polk County v. Dodson, 454 U.S. 312, 317-20 (1981) (appointed public defender does not act under color of state law but enters a private relationship). Thus, the McGees also failed to state a section 1983 claim against her because the pleaded facts did not show that she was acting under color of state law. Jones, 733 F.2d at 649.
 
 B
 City of Pasadena, Police, and Paramedics
 
 11
 The McGees did not plead facts showing acts committed after January 2, 1990 affecting their civil rights. The McGees also fail to state facts showing an official policy of the City which even possibly caused their civil rights to be violated. Monell, 436 U.S. at 694. Thus, the McGees failed to state a claim against the City of Pasadena, the police officers, or the paramedics.[2]
 
 C
 Private Doctors, Nurses, and Hospitals
 
 12
 "[P]rivate parties are not generally acting under color of state law...." Price, 939 F.2d at 707-08. To maintain their action, the McGees must have pled specific facts showing some connection between these private citizens and government officials designed to violate their civil rights. Price, 939 F.2d at 708-09; Woodrum, 866 F.2d at 1126. See also Dennis v. Sparks, 449 U.S. 24, 27 (1980) (private party must be a willful participant in joint action with state agents); King v. Massarweh, 782 F.2d 825, 828-29 (9th Cir.1986) (absent some control by the private actor over the police or state officials, the private party is not the proximate cause of plaintiff's injuries). In contrast, these private appellees performed no actions against the McGees after January 2, 1990, and the McGees did not plead facts stating a section 1983 claim against them.
 
 III
 
 13
 The McGees also failed to state a claim under section 1985 or section 1986. First, they failed to plead any facts showing a conspiracy or that the County et al. "reached an understanding" to violate their civil rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). See also Woodrum, 866 F.2d at 1126-27. Also, section 1985 only reaches conspiracies having a racial or class-based discriminatory intent. United Brotherhood of Carpenters and Joiners, Local 610 AFL-CIO v. Scott, 463 U.S. 825, 834-37 (1983); Gibson v. United States, 781 F.2d 1334, 1341 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). None of the McGees fits into such a category.
 
 
 14
 Further, a party must state a section 1985 claim as a predicate to a valid section 1986 claim. Trerice v. Pendersen, 769 F.2d 1398, 1403 (9th Cir.1985). Since the McGees did not state a claim under section 1985, they also failed to state a section 1986 claim.
 
 IV
 
 15
 We possess the authority to sanction a frivolous appeal by "award[ing] just damages and single or double costs." Fed.R.App.P. 38; 28 U.S.C. § 1912. In this matter, we do not see how the McGees could have formed a good-faith belief that the conduct alleged in this action could have even remotely violated their civil rights. We conclude that the appeal of these repetitious and baseless claims constituted a frivolous appeal deserving sanctions. Fed.R.App.P. 38; Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461-62 (1990). " 'An appeal is considered frivolous in this circuit when the result is obvious or the appellant's arguments are wholly without merit.' " In re Brazier Forest Products, Inc., 921 F.2d 221, 224-25 (9th Cir.1990) (quoting Glanzman v. Uniroyal Inc., 892 F.2d 58, 61 (9th Cir.1989)).
 
 
 16
 The majority of the claims in this appeal duplicated claims already presented in the earlier suit. That case was still pending when the McGees filed this case pleading essentially identical issues. We are left with the firm impression that this appeal was frivolous and vexatious. We award costs and attorneys' fees on appeal as just damages. Fed.R.App.P. 38; 42 U.S.C. § 1988. The McGees, including their attorney, June McGee, are jointly and severally liable. McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981); 28 U.S.C. § 1927; Wood v. Santa Barbara Chamber of Commerce, Inc., 699 F.2d 484, 485-86 (9th Cir.1983), cert. denied, 465 U.S. 1080 (1984). Attorney Todd McWhorter shall not be liable for any of the sanctions.
 
 
 17
 Appellees should promptly submit cost bill motions delineating their attorneys' fees and costs on appeal.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Appellants' Motion for Additional Briefing or Oral Argument filed May 7, 1992 is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Cf. Walden v. Wishengrad, 745 F.2d 149, 152-53 (2d Cir.1984) (absolute immunity for social services attorney even for requesting arrest warrant of witness to ensure testimony). It is not unreasonable to analogize attorneys "prosecuting" for the state in conservatorship proceedings to state prosecutors who have absolute immunity from § 1983 claims. Cf. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Butz v. Economou, 438 U.S. 478, 515-17 (1978) (officials performing functions analogous to prosecutors are protected by absolute immunity from § 1983 suits). Attorneys for the County and the Public Guardian represent state interests in protecting persons unable to care for themselves. Their conduct towards that end should be immune
 
 
 [2]
 The governmental officials and employees sued in this case would, at the least, have qualified immunity for their actions. See Malley v. Briggs, 475 U.S. 335, 340-41 (1986); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Imbler, 424 U.S. at 418-19