61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James HUGHEY, Plaintiff-Appellant,
v.
GENERAL ELECTRIC CO.; General Electric Aircraft Engines,
Aviation Service Department, a corporation; and
United Electrical, Radio and Machine
Workers of America,
Defendants-Appellees.
 No. 94-55086.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1995.*
Decided July 21, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges, and TASHIMA, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Hughey appeals the district court's grant of summary judgment to defendants in this action under 42 U.S.C. Secs. 1981, 1982, and 1985(3) for alleged racial discrimination in the workplace. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 4
 Hughey, an African-American, has been a General Electric engine mechanic for approximately fifteen years. He is a member of a collective bargaining unit that is represented by United Electric, Radio and Machine Workers of America. The Union's agreement with GE prohibits discrimination based on race. Grievance and arbitration procedures exist to resolve disputes regarding alleged violations of the collective bargaining agreement. Over the years, Hughey has filed numerous grievances against General Electric for job assignment discrimination.
 
 
 5
 Hughey commenced this action on November 16, 1992. His complaint asserts that he was discriminated against because of his race with regard to compensation, terms, conditions, and privileges of employment. This alleged discrimination includes receiving inferior job assignments and failure to be promoted. He further alleges that he has been subjected to harassment at work, and that the Union has not adequately pursued his grievances.
 
 
 6
 GE and the Union construed Hughey's complaint as asserting claims under Title VII, Sec. 1981, Sec. 1982, and Sec. 1985(3), and a state law claim for intentional infliction of emotional distress. In response to summary judgment motions, however, Hughey clarified that his complaint only asserts claims under Sec. 1981, Sec. 1982, and Sec. 1985.
 
 
 7
 On November 3, 1993, the district court: (1) granted the Union's motion for summary judgment on all claims; (2) granted GE's motion with regard to the Sec. 1981 claim; and (3) provided that GE could file a subsequent summary judgment motion as to the Sec. 1982 and Sec. 1985(3) claims. On December 13, 1993, the district court granted summary judgment for GE on the remaining claims. Hughey timely appeals.
 
 DISCUSSION
 
 8
 We review de novo the district court's grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 A. Sec. 1981 Claim
 
 9
 Hughey's Sec. 1981 racial discrimination claim requires the same prima facie showing as a Title VII claim. Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989).[1] He must provide evidence "which gives rise to an inference of unlawful discrimination." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). "Purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment." Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988).
 
 
 10
 To establish a prima facie case of discrimination in job assignments or promotions, Hughey must show that (1) he belongs to a protected class, (2) he was qualified for a job, (3) an employment decision was made despite these qualifications, and (4) the position remained open and the employer continued to consider applicants with comparable qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 11
 In his effort to survive the summary judgment motions by GE and the Union, Hughey relied exclusively on his deposition testimony. Although the portions of the deposition transcripts relied upon are replete with conclusory allegations of unfair treatment and discrimination, there is an absence of factual support for his claims. The transcripts reveal that Hughey was unable to cite specific facts suggesting that GE or the Union treated him differently in any way than similarly situated non-Black employees. He has therefore failed to establish a prima facie case of racial discrimination with regard to promotions, job assignments, discipline, or processing of grievance petitions. McDonnell Douglas, 411 U.S. at 802; Burdine, 450 U.S. at 253.
 
 
 12
 The record also fails to support Hughey's racial harassment claim. "For harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986) (internal quotation omitted). It was not error to grant summary judgment to GE and the Union on Hughey's Sec. 1981 claim.
 
 B. Sec. 1982 and Sec. 1985 Claims
 
 13
 Hughey's briefs contain no discussion of his claims under Sec. 1982 and Sec. 1985. Those issues are waived on appeal. Northwest Acceptance Corp. v. Lynnwood Equipment, 841 F.2d 918, 924 (9th Cir.1988).
 
 C. Attorney's Fees and Costs
 
 14
 All parties request attorney's fees and costs. Failure to prevail precludes Hughey's request.
 
 
 15
 GE and the Union argue that they are entitled to attorney's fees and costs under Federal Rule of Appellate Procedure 38 because Hughey had no grounds to file the underlying complaint or this appeal.
 
 
 16
 We have discretion to award attorney's fees and costs as a sanction for pursuing a frivolous appeal. Fed.R.App.P. 38; Glanzman v. Uniroyal, Inc., 892 F.2d 58, 61 (9th Cir.1989). "An appeal is considered frivolous in this circuit when the result is obvious or the appellant's arguments are wholly without merit." McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981) (citations omitted). While Hughey's appeal lacks merit, it is not frivolous. We deny the requests of GE and Union for attorney's fees and costs.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This part of Patterson was not altered by the Civil Rights Act of 1991