101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John HEENEY; Julie Heeney, Plaintiffs-Appellants,
v.
MANSFIELD SCIENTIFIC, INC.; Boston Scientific; Radionics,
Inc., Defendants-Appellees.
 No. 95-55797.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1995.
Decided Nov. 13, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Is this diversity products liability action ("Heeney II "), filed two years after a medical malpractice action involving the same injuries ("Heeney I ") was filed, time-barred? The parties are familiar with the facts and we need not recite them here. The complaint in Heeney v. Webster Laboratories, Inc., Los Angeles Superior Court Case No. BC128626 ("Heeney III "), and the notice of appeal and unpublished decision of the California Court of Appeal in Heeney III, Case No. B096863 (filed October 8, 1996), are directly related to this appeal. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992). The requests for judicial notice of these documents have been granted in a separate order.
 
 
 3
 The Heeneys argue that the district court misstated and misapplied California law in its application of Bristol-Myers Squibb Co. v. Superior Court, 38 Cal.Rptr.2d 298 (Cal.Ct.App.1995), to their case. Alternatively, they contend that Bristol-Myers is an unwarranted expansion of California law concerning the discovery rule. We disagree with both arguments.
 
 
 4
 In Bristol-Myers the California Court of Appeal rejected the plaintiff's argument that because she had no basis for believing she had an action against the manufacturer of silicone for a number of years after her injury and misdiagnosis, the one-year statute of limitations should be tolled. 38 Cal.Rptr.2d at 303-04. The court stated:
 
 
 5
 As Jolly [v. Eli Lilly & Co., 751 P.2d 923 (Cal.1988),] teaches us, however, this excuse will not suffice. When a plaintiff has cause to sue based on knowledge or suspicion of negligence the statute starts to run as to all potential defendants.... Plaintiff knew or at least suspected that she had an action for malpractice in 1984 or 1985. She knew the identity of the defendant she then thought to be the principal target, Dr. Ryskamp. The statute of limitations on her malpractice action therefore commenced to run at that point. It commenced not only as to known defendants but also as to unknown defendants....
 
 
 6
 Id. at 304 (emphasis added). The court, relying on Jolly, and Bernson v. Browning-Ferris Indus. of Cal., Inc., 873 P.2d 613 (Cal.1994), pointed out that the plaintiff could have filed a Doe action to enlarge the statute of limitations period for three years to permit additional discovery. Bristol-Myers, 38 Cal.Rptr.2d at 304.
 
 
 7
 The California Court of Appeal's announcement of a rule of law " 'is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' " Hicks v. Feiock, 485 U.S. 624, 630 n. 3 (1988) (quoting West v. American Tel. & Tel. Co., 311 U.S. 223, 237-38 (1940)). The Heeneys have not advanced any persuasive argument to suggest that the California Supreme Court would have decided Bristol-Myers, or the instant case, any differently.
 
 
 8
 Bristol-Myers reiterated earlier California Supreme Court pronouncements concerning the use of a timely Doe complaint to enlarge the time to discover the identity of all wrongdoers. 38 Cal.Rptr.2d at 304. We note that Heeney II was filed before Heeney I was settled. Attachments to filings and discovery in Heeney I indicated use of the Mansfield polar catheter and the Radionics RFG-3C generator in Mr. Heeney's procedure. A protective claim could have been filed.
 
 
 9
 Contrary to the Heeneys' arguments, Bristol-Myers is consistent with California Supreme Court precedent and follows directly from Jolly, 751 P.2d 923, and Bernson, 873 P.2d 613. The Heeneys' arguments that their case is factually distinguishable from Jolly and Bristol-Myers, and that other California case law applies, are not persuasive; nor is their argument that Bristol-Myers will result in the filing of frivolous protective claims and possibly malicious litigation. In fact, in Heeney III, the California Court of Appeal rejected the same arguments made here when it held that the Heeneys
 
 
 10
 could not avoid the statute by alleging they were unaware of the lack of federal approval for the "ablation catheter" until they read a 1994 newspaper story, and that they did not learn about defendants' responsibility until about a year later.
 
 
 11
 Heeney III, Case No. B096863 at p. 4.
 
 
 12
 We are bound by Bristol-Myers. See West, 311 U.S. at 237. The district court was correct in holding that the Heeneys' suspicion of negligent cause of their injuries in July 1991, as demonstrated by their filing of Heeney I in 1992, constituted "discovery," which commenced the one-year statute of limitations as to all defendants. See Bristol-Myers, 38 Cal.Rptr.2d at 303, 304; accord Jolly, 751 P.2d at 928. The district court therefore properly concluded that this case, filed in 1994, is time-barred.
 
 
 13
 The fact that Bristol-Myers was cited to the district court before its initial denial of the motion for judgment on the pleadings is not a ground for reversal. Bristol-Myers was cited to the district court in a supplemental filing just prior to the court's ruling, and the case was not cited in the court's initial ruling. Even if the motions for reconsideration were technically in violation of local rule, any error in ruling on them was harmless. Fed.R.Civ.P. 61; see also Glanzman v. Uniroyal, Inc., 892 F.2d 58, 61 (9th Cir.1989) (the concept of harmless error applies on appeal); United States v. Walker, 601 F.2d 1051, 1058 (9th Cir.1979) ("Errors in the trial court may be most speedily corrected by the trial judge ... [and a] motion for reconsideration may, in some instances, avoid the necessity of an appeal.")
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3