John WOODRUM, Margo Woodrum, Larry Dean Woodrum, and Sheryl Woodrum, Plaintiffs–Appellants,

v.

WOODWARD COUNTY, OKLAHOMA; Mickie Garrison, in her individual capacity as social worker, Woodward County, Oklahoma; Elizabeth Zarella, in her individual capacity as child welfare supervisor and social worker, Woodward County, Oklahoma; San Luis Obispo County, California; Marie Jackson, in her individual capacity as social worker; Robert Coen, in his individual capacity as social worker; and Jayne Rosson, Defendants–Appellees.

Nos. 86–6019, 87–5558.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1987.

Decided Jan. 25, 1989.

---

Patricia J. Barry, Grover City, Cal., for plaintiffs-appellants.

Pamela K. Padley, Asst. Gen. Counsel, for Oklahoma Dept. of Human Services,

Oklahoma City, Okl., for defendants-appellees Mickie Garrison and Elizabeth Zarella.

Robert J. Feldhake, Musick, Peeler & Garrett, Los Angeles, Cal., for defendants-appellees Marie Jackson, Robert Coen and the County of San Luis Obispo.

Before ALARCON, NELSON and REINHARDT, Circuit Judges.

NELSON, Circuit Judge:

Larry Woodrum was awarded physical custody of his two children, Trina and Larry John, on November 17, 1983 in San Diego Superior Court. This action arises from a series of child abuse reports made by Jayne Rosson, mother of the children, and subsequent investigations conducted by both the Oklahoma Department of Human Services ("Oklahoma") and the County of San Luis Obispo Social Services Department ("SLO") and Pismo Beach Police Department. We conclude that the actions of various child protective services employees are immune from suit, and that Larry Woodrum [1] failed to allege any cognizable damage to a constitutionally protected liberty interest in the care and custody of his children sufficient to state a claim under 42 U.S.C. § 1983.

Additionally we must consider whether appellants' pleadings warranted the imposition of sanctions under Fed.R.Civ.P. 11. We affirm the district court's dismissal of the second amended complaint for failure to state a claim, but we reverse the award of sanctions against appellants' counsel with respect to the district court proceedings.

## BACKGROUND

When Trina and Larry John Woodrum visited Jayne Rosson in Oklahoma, she complained to child protective services in San Luis Obispo County that the custodial grandfather, John Woodrum, was sexually molesting Trina. SLO investigated the charge, determined that there was an insufficient basis to prosecute, and closed the case, notifying Larry Woodrum that the case was dropped. When the children next visited their mother in the summer of 1984, she filed a child molestation report with Oklahoma Human Services workers, based on Trina's statements. Oklahoma social worker Mickie Garrison investigated by interviewing both children and by requiring an examination by an Oklahoma doctor. Ms. Garrison sent a telegram to Woodrum asking him to call her. When he did, she advised him of his need to retain counsel. Rosson then filed a petition in Oklahoma state court seeking custody of the children. The petition was supported by affidavits made by Garrison and by Woodward County District Attorney Tom Gruder, who is not a party in this action.

The court issued a temporary change in custody on August 2, 1984, pending an August 30 hearing. Woodrum and his lawyer were present and participated at the August 30 hearing to amend custody. The Oklahoma state court stayed the proceedings on the basis of forum non conveniens and allowed Oklahoma 60 days to transfer the case to California, the children's legal domicile. The Oklahoma court awarded legal custody to Oklahoma during the 60 day stay, but kept physical custody with the father, subject to a change in living arrangements.

SLO began another investigation, based on the reports transferred from Oklahoma. Trina was removed temporarily from the home of Woodrum's fiance, Sheryl Rockvoy, on October 5 pursuant to SLO's abuse investigation. No juvenile petition

---

**1.** At oral argument, the Woodrums' counsel abandoned the claim that the grandparents had a constitutionally protected liberty interest in the care and custody of the children. Therefore we need not reach the issue whether the child abuse investigations and removal infringed upon the constitutional rights of the grandparents. Counsel conceded at oral argument that the actual alleged tort against the grandparents consisted of a state law defamation claim. Moreover, because John Woodrum was never charged with any crime, he has no due process right to a hearing regarding the molestation allegations. We therefore affirm the district court's determination that the grandparents have failed to state a § 1983 claim.

was ever filed by SLO and no charges were ever brought. Larry Woodrum retained physical and legal custody of his children after the Oklahoma Court dismissed the custody petition on November 28, 1984. After the children moved to Hawaii, Rosson filed a child abuse report with Hawaii social services. Oklahoma social worker Garrison sent the Hawaii agency a letter confirming the previous reports and investigations. All social service agencies closed their investigations without pursuing charges.

Woodrum and his parents filed an initial complaint in August 1985 alleging violations of their civil rights under 42 U.S.C. §§ 1983 & 1985(3). The complaint also contained pendent state claims including allegations of intentional infliction of emotional distress and conspiracy to deprive the Woodrums of the right to see the children. The Woodrums voluntarily dismissed the first complaint and filed an amended complaint which added and deleted various defendants. The District Court dismissed with prejudice all pendent state claims, the § 1985(3) claim, and all claims against the Oklahoma Department of Human Services. The court also dismissed Woodrum's § 1983 claims but granted leave to amend to allege a deprivation of a constitutionally protected interest. Woodrum did not appeal the dismissal of the first amended complaint.

Woodrum filed a second amended complaint in January 1986. He, his wife and his parents allege that the investigations violated Woodrum's and his parents' due process and privacy rights and they seek $1 million in damages and declaratory relief from Oklahoma, SLO, their employees and Rosson. The second amended complaint asserts that state and municipal agencies as well as employees of these agencies violated the Woodrums' civil rights. The district court dismissed the second amended complaint because Woodrum failed to show any damage resulting from the investigations. The court held that neither Woodrum nor his parents had been deprived of any constitutionally protected liberty interest in his children because Larry Woodrum retained custody. The court

concluded that the investigations did not constitute a criminal proceeding entitling the grandparents to any due process hearing rights.

The district court imposed sanctions against the appellants for (1) bringing damages claims clearly barred by the Eleventh Amendment, (2) failing to delete a § 1985 claim when it was clear that Woodrum could not prove any class-based discrimination, and (3) persisting in § 1983 allegations without meeting the threshold requirements to state a claim. Sanctions were awarded against the attorney in the amount of $6,000.

## DISCUSSION

 A dismissal for failure to state a claim is subject to de novo review. *Kelson v. City of Springfield,* 767 F.2d 651, 653 (9th Cir.1985). Dismissal for failure to state a claim is proper only if it appears beyond doubt that the plaintiff would be entitled to no relief under any state of facts that could be proved. *Smith v. Fontana,* 818 F.2d 1411, 1416 (9th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). This case is controlled by *Meyers v. Contra Costa County Dep't. of Social Servs.,* 812 F.2d 1154 (9th Cir.), *cert. denied* — U.S. —, 108 S.Ct. 98, 98 L.Ed.2d 59 (1987).

### I. *FAILURE TO SHOW DAMAGES UNDER § 1983*

 A parent's interest in the custody and care of his or her children is a constitutionally protected liberty interest, such that due process must be afforded prior to a termination of parental status. *Santosky v. Kramer,* 455 U.S. 745, 752–57, 102 S.Ct. 1388, 1394–96, 71 L.Ed.2d 599 (1982); *Lassiter v. Dep't of Social Servs.,* 452 U.S. 18, 27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 (1981). "[T]he relationship of love and duty in a recognized family unit is an interest in liberty entitled to constitutional protection." *Lehr v. Robertson,* 463 U.S. 248, 258, 103 S.Ct. 2985, 2991, 77 L.Ed.2d 614 (1983). "[E]xisting Supreme Court and Ninth Circuit precedent establish that a

parent has a constitutionally protected liberty interest in the companionship and society of his or her child. The state's interference with that liberty interest without due process of law is remediable under section 1983." *Kelson*, 767 F.2d at 655.

■ While a constitutional liberty interest in the maintenance of the familial relationship exists, this right is not absolute. The interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children. *See Backlund v. Barnhart*, 778 F.2d 1386, 1389 (9th Cir.1985) (no right to unlimited exercise of religious beliefs regarding corporal punishment); *see also Myers v. Morris*, 810 F.2d 1437, 1462 (8th Cir.) (liberty interest "limited by the compelling governmental interest in protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves"), *cert. denied*, —— U.S. ——, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987). In this case, child welfare workers clearly were acting pursuant to state statutes authorizing investigations and the initiation of dependency proceedings upon reported child abuse. Cal.Civ.Code § 232.5; Cal.Penal Code §§ 11160 *et seq.;* Okla.Stat.Ann. tit. 21 §§ 845–46 (West Supp.1986).

■ Failure to investigate or intervene when child abuse is suspected can subject a state and its employees to liability. *See Krikorian v. Barry*, 196 Cal.App.3d 1211, 1214, 242 Cal.Rptr. 312, 313 (1987); *Estate of Bailey v. County of York*, 768 F.2d 503, 508–11 (3rd Cir.1985); *Jensen v. Conrad*, 747 F.2d 185, 191–94 (4th Cir.1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1754, 84 L.Ed.2d 818 (1985); *Mammo v. Arizona*, 138 Ariz. 528, 675 P.2d 1347 (App.1983); *Turner v. Dist. of Columbia*, 532 A.2d 662 (D.C.App.1987) (special relationship requiring higher duty of care created by filing of child abuse report). Woodrum does not challenge the constitutionality of the child abuse reporting or investigation statutes. He only challenges the constitutionality of the investigations conducted pursuant to admittedly constitutional state statutes.

Once it is established that a liberty interest can be weighed against competing governmental interests, it is not enough merely to allege that the government interfered with the family relationship. *Santosky*, 455 U.S. 745, 102 S.Ct. 1388; *see Stanley v. Illinois*, 405 U.S. 645, 652, 92 S.Ct. 1208, 1213, 31 L.Ed.2d 551 (1972) (states have a legitimate interest in separating neglectful parents from their children). Woodrum's allegation of a violation of liberty rights thus devolves into either a claim that the government acted in a way which violated the substantive protections of the due process clause or a claim that the State failed to provide adequate protections against wrongful deprivations. *See Fontana*, 818 F.2d at 1415. With one exception discussed below, Woodrum's allegations fall within the category of *procedural* due process claims.

Whether Woodrum's admittedly constitutional liberty interest was violated by any of the child abuse investigations or by the custody determinations requires an analysis of the procedures to be afforded a parent when the government investigates child abuse reports. *See e.g., Smith v. Org. of Foster Families for Equality and Reform*, 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977). *See also Little v. Streater* 452 U.S. 1, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981); *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). In this case, the defendants' actions at most resulted in a court-ordered modification of parental rights, but the investigations did not terminate such rights. Because a report of child abuse triggers the investigation requirements pursuant to Oklahoma and California statutes, the reports here raised a valid governmental interest sufficient for the social workers to intervene for the welfare of the children.

The appellants allege that the appellees' actions associated with the removal of Trina Woodrum from Sheryl Rockvoy's home violated several sections of the California Welfare and Institutions Code. They argue that these allegations are sufficient to state a claim under 42 U.S.C. § 1983.

Mere negligence or lack of due care by state officials in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983. *Daniels v. Williams*, 474 U.S. 327, 330–32, 106 S.Ct. 662, 665–65, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). In *Daniels* the Court said that the question remains open as to "whether something less than intentional conduct, such as recklessness or gross negligence, is enough to trigger the protections of the Due Process Clause." *Daniels*, 474 U.S. at 334 n. 3, 106 S.Ct. at 667 n. 3. However, in *Wood v. Ostrander*, 851 F.2d 1212 (9th Cir.1988), this court held that an intentional assertion of government power that tended to show a disregard of the plaintiff's physical safety may amount to gross negligence, recklessness or deliberate indifference sufficient to overcome the *Daniels* or *Davidson* bar and state a claim under section 1983. *Wood*, 851 F.2d at 1214–15. *Wood* is consistent with the decisions of a majority of courts of appeals that have addressed the issue of whether recklessness or gross negligence could constitute a deprivation of a liberty interest under the due process clause. *Dell Fargo v. City of San Bautista*, 857 F.2d 638, 641, n. 5 (9th Cir.1988). In this case, however, we conclude that the allegations contained in the complaint do not rise to the level required to state a claim of gross negligence under § 1983.

Because we conclude that plaintiff has not stated a proper claim under 42 U.S.C. § 1983, we need not decide whether the social workers and the SLO are immune from suit.

## II. *ROSSON'S LIABILITY UNDER § 1983*

█ The claims against Jayne Rosson primarily are allegations of defamation under state law. A defamation claim was not pleaded in the complaint. The district court dismissed with prejudice all pendent state claims. The district court dismissed with prejudice the state law conspiracy claims alleged in the first amended complaint. Woodrum should have appealed that initial dismissal on the merits, instead of amending the complaint and recharacterizing the § 1985(3) claims. *See Noll v. Carlson*, 809 F.2d 1446, 1447 n. 2 (9th Cir.1987); *see also Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Thus, to the extent that Woodrum alleges that Rosson was part of a conspiracy to deprive the grandparents of their rights to associate with the children, that claim is barred from reconsideration by this court. *See C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir.1987).

To prove conspiracy between Rosson and the social services employees under § 1983, an agreement or meeting of minds to violate the Woodrums' constitutional rights must be shown. *See Fonda v. Gray*, 707 F.2d 435 (9th Cir.1983). Rosson argued persuasively below[2] that the most that could be shown was that Rosson deceived the social workers by filing false reports against the Woodrums, but that the Woodrums could allege no specific facts to show any agreement between Rosson and any of the named defendants. Moreover, Woodrum does not show that any actual deprivation of his constitutional rights resulted from the alleged conspiracy. *See Singer v. Wadman*, 595 F.Supp. 188 (D. Utah 1982), *aff'd*, 745 F.2d 606 (10th Cir.1984), *cert. denied*, 470 U.S. 1028, 105 S.Ct. 1396, 84 L.Ed.2d 785 (1985) (conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights). Woodrum's conclusory allegations that Rosson and the social workers conspired do not support a claim for violation of his constitutional rights under § 1983. *See Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir.1980); *Lockary v. Kayfetz*, 587 F.Supp. 631 (D.Cal. 1984) (allegations of conspiracy must be supported by material facts, not merely conclusory statements). *See also Hobson v. Wilson*, 737 F.2d 1, 14 (D.C.Cir.) (civil rights statute does not apply to all conspi-

---

**2.** Rosson was not represented by counsel on appeal and did not file an appellate brief.

ratorial tortious interferences with the rights of others, but only to those motivated by some class-based animus), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1984).

■ Rosson's child molestation reports are entitled to immunity under Cal. Welf. & Inst.Code § 306. *See also* Cal. Penal Code § 11172. Rosson's filing of the custody petition is entitled to absolute immunity. *See Holt v. Castaneda,* 832 F.2d 123, 125–26 (9th Cir.1987). Therefore, we affirm the district court's dismissal of the action against Rosson both for failure to state a claim and because Rosson's other actions are entitled to immunity.

## III. *IMPOSITION OF SANCTIONS*

■ The review of sanctions imposed under Fed.R.Civ.P. 11 requires three separate inquiries. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986). First, whether specific conduct violated Rule 11 is a legal issue reviewable *de novo. Calif. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1472 (9th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 698, 98 L.Ed.2d 650 (1987). Second, any disputed factual determinations are reviewed under a clearly erroneous standard. *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1538 (9th Cir.1986). Third, the appropriateness of the sanction imposed is reviewed for an abuse of discretion. *Lemos v. Fencl,* 828 F.2d 616, 618 (9th Cir.1987).

■ Pursuant to the 1983 Amendments to Rule 11, an attorney who signs a motion or paper in federal court "warrants that the motion is well-grounded in fact, that it is warranted by existing law or a good faith argument for an extension, modification, or reversal of existing law, and that it is not filed for an improper purpose." *Golden Eagle,* 801 F.2d at 1536. An objective standard of reasonableness applies to determinations of frivolousness as well as to improper purpose. *Zaldivar,* 780 F.2d at 830–31. "The key question in assessing frivolousness is whether a complaint states an arguable claim—not whether the pleader is correct in his perception of the law."

*Hudson v. Moore Business Forms, Inc.,* 827 F.2d 450, 453 (9th Cir.1987).

The Notes of the Advisory Committee on Rule 11 state that the Rule 11 amendments attempt to expand the equitable doctrine permitting the court to award expenses to a litigant whose opponent acts in bad faith in instituting or conducting litigation. *See, e.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766–67, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). The district court found that appellants intentionally persisted in advocating meritless claims by (1) claiming a § 1985(3) violation after admitting that they could not prove the requisite class-based discriminatory animus necessary for stating a claim, (2) claiming damages against Oklahoma in the face of an obvious Eleventh Amendment bar to monetary relief, and (3) arguing § 1983 claims without alleging facts to support a deprivation of a constitutional right. The district court found that the second amended complaint required the appellees to defend "against actions where the law and this Court have clearly indicated that no claims were merited."

■ Mindful of the potential chilling effects on civil rights plaintiffs who argue in good faith for the modification or extension of rights and remedies under § 1983, we cannot conclude that all of the claims in the complaint were wholly without merit. *See Hurd v. Ralph's Grocery Co.,* 824 F.2d 806, 810 (9th Cir.1987) (noting that the Advisory Committee states that Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories); *see also Lemos,* 828 F.2d at 619 (complaint "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law cannot violate Rule 11 even if it is filed for an improper purpose.") While we agree that Woodrum's insistence in bringing a § 1985(3) claim after conceding the lack of class-based animus may constitute sanctionable conduct standing alone, we believe that the § 1983 claims are not so lacking in plausibility as to make counsel's decision to sign and certify the complaint sanctionable under Rule 11. Although counsel ultimate-

ly failed to adduce sufficient support for the allegations, the action was not completely baseless under a standard of objective reasonableness. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir.1987). Therefore, we reverse the district court's imposition of sanctions. However, Woodrum is not entitled to any fee award for prevailing on the sanctions issue. *Jensen v. City of San Jose*, 806 F.2d 899 (9th Cir.1986).[3]

AFFIRMED IN PART AND REVERSED IN PART.

---

**3.** In addition, we deny Woodrum's motion for sanctions against appellees on appeal. SLO's and Oklahoma's arguments on appeal are well-grounded in fact and warranted by existing law. The motion itself is close to being frivolous, but this court will take no sanctioning actions at this time.