952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas WAYBRANT, Personal representative of the Estate of
Rosalie Waybrant, Plaintiff-Appellant,
v.
James BERNSTEIN, Personal representative of the Estate of
Randolph Bert DeMary; Farmers Insurance Company,
United States Fidelity & Guaranty
Company, Defendants-Appellees.
 No. 91-35093.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 13, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Waybrant appeals the district court's summary judgment in his 42 U.S.C. § 1983 action against James Bernstein and two insurance companies ("defendants"). Waybrant filed this action as personal representative of the estate of his daughter, Rosalie Waybrant, who was killed in an automobile accident on April 1, 1976. Defendants represent the estate of Randolph DeMary, the driver of the car in which Rosalie Waybrant was a passenger at the time of her death. The district court adopted the findings and recommendation of the magistrate judge who concluded that Waybrant failed to allege adequately that defendants, acting under color of state law, deprived Waybrant of a constitutional right by allegedly manipulating the Oregon state court system. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a grant of summary judgment de novo. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person, acting under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). A deprivation of a constitutional right occurs if the person acting under color of state law "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988). Even "a liberal interpretation of a civil rights complaint may not supply the essential elements of the claim that were not initially pled." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 5
 A private attorney, even if appointed or paid for by the state, is not acting under color of state law when performing his or her functions as counsel. Polk County v. Dodson, 454 U.S. 312, 325 (1981). "[A]n otherwise private person acts under color of state law, [however], when engaged in a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1984). To prove conspiracy under section 1983, an agreement or meeting of the minds to violate the plaintiff's constitutional rights must be shown. See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989).
 
 
 6
 Here, Waybrant is essentially challenging the actions of defense counsel in his state court wrongful death suit, and does not allege any agreement or meeting of the minds between the defendants and any state actors to violate Waybrant's constitutional rights. This is an inadequate basis for an assertion of section 1983 liability. See Polk County, 454 U.S. at 325; Woodrum, 866 F.2d at 1126. Furthermore, Waybrant's unsupported and conclusory allegations of passive judicial misconduct fail to state a section 1983 claim, nor has any state actor been named in the action. See Ivey, 673 F.2d at 268. Thus, the district court did not err by granting summary judgment for the defendants.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Waybrant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3