959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph A. TAYLOR, Plaintiff-Appellant,
v.
Gary D. BABCOCK, et al., Defendants-Appellees.
 No. 90-35632.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph A. Taylor, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. §§ 1983, 1985, and 1986 civil rights action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we affirm.
 
 
 3
 In general, Taylor's complaint challenges the manner in which direct appeals, state habeas corpus and post-conviction petitions, and petitions for review by the Oregon Supreme Court are handled and litigated by the defendants.
 
 
 4
 Taylor's claims against Babcock are brought in Babcock's capacity as the director of the state public defender's office. Taylor contends that the state public defender's office inadequately represented him and inadequately litigated his cases before the Oregon courts.
 
 
 5
 "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Because Taylor's complaint alleges deficiencies in his defense counsel's performance while representing Taylor in a criminal proceeding, the district court properly dismissed his claim. See id.
 
 
 6
 Taylor also contends that defendants Babcock, Barber, and Van Valkenburgh engaged in a conspiracy to restrict his access to the courts and to counsel.
 
 
 7
 "[A]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1984). To prove conspiracy under section 1983 or section 1985, an agreement or meeting of minds to violate the plaintiff's constitutional rights must be shown. See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989). "Vague and conclusory allegations of participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1988) ("mere allegation of conspiracy without factual specificity is insufficient").
 
 
 8
 In his complaint, Taylor did not allege any specific facts to show that the defendants had conspired to deprive him of his constitutional rights. Accordingly, the district court properly dismissed his conspiracy claim.[1] Furthermore, because Taylor did not state a claim under section 1985, the district court properly dismissed his claim under section 1986. See id.
 
 
 9
 Taylor's complaint also alleged that the members of the public defender committee failed to oversee properly the operation of the public defender's office. Thus, Taylor sought to impose liability for perceived deficiencies in the public defenders office under the theory of respondeat superior. Because the theory of respondeat superior does not apply to section 1983 actions, Taylor's complaint against the public defender committee was properly dismissed. See Monell v. Department of Social Services, 436 U.S. 658, 691 (1978).
 
 
 10
 In addition to his federal civil rights claim, Taylor also asserts a pendant state claim seeking damages pursuant to Or.Rev.Stat. §§ 166.715 et seq. Because Taylor's federal claim was dismissed before trial, his pendant state claim also was properly dismissed. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 651 (9th Cir.1984).
 
 
 11
 Finally, the district court did not err by denying Taylor's motion for appointment of counsel because there were no exceptional circumstances that required the appointment of counsel. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, Taylor's claims against Judge Barber and Assistant Attorney General Van Valkenburgh were properly dismissed because they are immune from suit. See Imbler v. Pachtman, 424 U.S. 409, 424 (1976) (absolute immunity for prosecutorial activities); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (absolute immunity for judicial actions taken within the subject matter jurisdiction of the court)