966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linley Vernon TATE, Sr., Plaintiff-Appellant,
v.
Thomas J. BONDURANT, Jr.; Robert E. Craig; United States
of America; G. Mackenzie Rast; Terry S. Johnson; Philip
W. Allen; Samuel W. Page; Robert N. Gray; Douglas Floyd
Osborne, Jr., Defendants-Appellees.
 No. 91-7043.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 29, 1992
Decided: June 17, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-89-676-R)
 Robert F. Rider, Rider, Thomas, Cleaveland, Ferris & Eakin, Roanoke, Virginia, for Appellant.
 Jacob L. Safron, Special Deputy Attorney General, David F. Hoke, Assistant Attorney General, Office of the Attorney General of North Carolina, Raleigh, North Carolina, for Appellees Johnson, Allen and Osborne; Anderson D. Cromer, Womble, Carlyle, Sandridge & Rice, Winston-Salem, North Carolina, for Appellees Page and Gray; Stuart M. Gerson, Assistant Attorney General, Barbara L. Herwig, Steve Frank, Civil Division, United States Department of Justice, Washington, D.C.; E. Montgomery Tucker, United States Attorney, Roanoke, Virginia, for Federal Appellees.
 W.D.Va.
 AFFIRMED.
 Before RUSSELL and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Linley Vernon Tate appeals the district court's dismissal of his 42 U.S.C. §§ 1983, 1985(3) (1988) action for failure to state a claim upon which relief can be granted. We affirm.
 
 
 2
 Tate sued federal and state law enforcement officials, claiming that they conspired to deprive him of his constitutional rights. Specifically, Tate's complaint alleged that the Defendants conspired to present perjured testimony to a federal grand jury sitting in the Western District of Virginia, implicating Tate in the murder of a person who was to be a witness against him in his 1981 drug conspiracy trial. According to the complaint, the Defendants then conspired to have the same evidence presented to a state grand jury in North Carolina, leading to Tate being named as an unindicted co-conspirator for the murder. A witness who implicated Tate in the murder later recanted his testimony. Finally, Tate averred that the Defendants conspired to use the fact that he was an unindicted co-conspirator to impact negatively on his federal parole consideration by failing to expunge the information from his file when the testimony was recanted and by continuing to communicate the information to the United States Parole Commission. Tate claimed violations of due process, equal protection, and the right to confront witnesses.
 
 
 3
 On appeal from the district court's dismissal of his complaint, Tate contends that the court failed to give proper notice before converting the Defendants' motions to dismiss to motions for summary judgment. This claim is meritless. The district court did not convert the motions; its opinion made no reference to matters outside the pleadings. See Gay v. Wall, 761 F.2d 175 (4th Cir. 1985); Fed. R. Civ. P. 12(b); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (1990) (element that triggers conversion is challenge to sufficiency of claims supported by extra-pleading material).
 
 
 4
 Similarly, Tate's contention that the district court erred in dismissing his complaint for failure to state a claim unders 1983 or § 1985(3) is meritless. The gravamen of the district court's rationale for dismissal of the action against both the state and federal Defendants was Tate's failure to allege sufficient facts to make out a conspiracy among the Defendants. The district court correctly noted that the complaint contained no allegation of any facts showing agreement between or among any of the Defendants, but merely made conclusory allegations of conspiracy. See Ballinger v. North Carolina Agric. Extension Serv., 815 F.2d 1001, 1007 (4th Cir.), cert. denied, 484 U.S. 897 (1987). Because Tate's amended complaint contained no supporting facts of even the most general nature, the district court properly dismissed the action for failure to state a claim. Revene v. Charles County Comm'rs, 882 F.2d 870, 873-74 (4th Cir. 1989); see Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy insufficient to state claim under § 1983); Cole v. Gray, 638 F.2d 804, 811 (5th Cir. March 1981) (murky allegations linked by speculation and conclusory allegations will not support claim under § 1983 or § 1985(3)), cert. denied, 454 U.S. 838 (1981).
 
 
 5
 Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED