977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E. JOHNSON, Plaintiff-Appellant,
v.
CITY OF TUCSON; Judge Harry Gin; Peter Collins; F.A.
Habra, M.D., Defendants-Appellees.
 No. 91-16248.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 30, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William E. Johnson appeals pro se the district courts orders dismissing pursuant to Fed.R.Civ.P. 12(b)(6) his 42 U.S.C. § 1983 action against the City of Tucson, Arizona, Arizona Superior Court Judge Harry Gin, the City of Tucson's attorney, Peter Collins, and Dr. F.A. Habra. Johnson contends that the defendants, individually and through a conspiracy, deprived him of his constitutional rights through the actions of Tucson paramedics and police officers who responded to his emergency medical call, and through defendants' role in his state court action for damages stemming from this incident.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to rule 12(b)(6). Oscar v. University Students Cooperative Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc). Review is limited to the contents of the complaint and all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love, 915 F.2d at 1245. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the constitution by a person acting under the color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 To prove conspiracy under section 1983, an agreement or meeting of the minds to violate the plaintiff's constitutional rights must be shown. See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989). Vague and conclusory allegations of participation in civil rights violations are insufficient to withstand a motion to dismiss. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 I. Defendant City of Tucson
 
 6
 Johnson asserts liability against the City of Tucson on a theory of respondeat superior for the actions of its employees. As the district court correctly noted, however, respondeat superior cannot serve as a basis for imposing section 1983 liability on a municipality unless it is alleged that the action inflicting injury flowed either from an explicitly adopted or tacitly authorized municipal policy. See Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978); Harris v. City of Roseburg, 664 F.2d 1121, 1130 (9th Cir.1981). Johnson has failed to allege that any municipal policy sanctioned the actions which allegedly caused the deprivation of his constitutional rights. Accordingly, the district court did not err by granting without prejudice the City of Tucson's motion to dismiss. See Monell, 436 U.S. at 694.[2]
 
 II. Defendant Judge Harry Gin
 
 7
 Johnson alleges that Judge Gin is liable under section 1983 for his actions during Johnson's state court trial, including the directed verdict in that trial. Johnson also alleges that Judge Gin conspired with the other defendants to deprive him of his constitutional rights.
 
 
 8
 It is well established that judges have absolute immunity from suit for their judicial actions taken within the subject matter jurisdiction of the court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Here, because Johnson does not allege facts indicating that Judge Gin either acted "in the clear absence of all jurisdiction," or "perform[ed] an act that [was] not judicial in nature," id. at 1075, immunity applies. Furthermore, Johnson's vague and conclusory allegations of conspiracy are insufficient to withstand Judge Gin's motion to dismiss. See Ivey, 673 F.2d at 266.
 
 III. Defendants Collins and Habra
 
 9
 Attorney Collins served as defense counsel for the City of Tucson in Johnson's state court action. Dr. Habra served as a witness for Johnson in Johnson's state court trial. Johnson alleges that Collins, Judge Gin, and Dr. Habra conspired to deprive Johnson of his constitutional rights during his state court trial.
 
 
 10
 A private attorney, even if appointed or paid for by the state, is not acting under color of state law when performing his or her functions as counsel. Polk County v. Dodson, 454 U.S. 312, 325 (1981). "[A]n otherwise private person acts under color or state law, [however], when engaged in a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1982).
 
 
 11
 Here, Johnson alleges no facts showing an agreement between the defendants to deprive him of his constitutional rights. See Woodrum, 866 F.2d at 1126. Rather, he lists numerous vague and conclusory allegations of conspiracy which are clearly insufficient to withstand Collins' and Habra's motions to dismiss. See Ivey, 673 F.2d at 268.
 
 IV. The Pendent State Malpractice Claim
 
 12
 Johnson contends that the district court erred by dismissing Johnson's pendent state law claim for medical malpractice against Dr. Habra.
 
 
 13
 When federal claims are dismissed before trial, pendent state claims should also be dismissed. Cook, Perkiss & Liehe, Inc., 911 F.2d 242, 247 (9th Cir.1990). Thus, the district court did not err by dismissing Johnson's malpractice claim. See id.
 
 V. Attorney's Fees under 42 U.S.C. § 1988
 
 14
 Defendants argue that because Johnson's section 1983 action is frivolous, unreasonable, vexatious, and solely intended to harass the defendants, they should be awarded attorney's fees.
 
 
 15
 Under 42 U.S.C. § 1988, a court has discretion to award attorney's fees to a prevailing defendant in civil rights lawsuits if the court finds that the plaintiff's action is frivolous, unreasonable, or without foundation. Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 619 (9th Cir.1987). An action is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). This standard is interpreted narrowly in cases involving pro se plaintiffs. Miller, 827 F.2d at 620. In any event, a court should award attorney's fees to defendants under section 1988 only in exceptional circumstances. Mitchell v. Los Angeles Comm. College Dist., 861 F.2d 198, 202 (9th Cir.1988), cert. denied, 109 S.Ct. 2102 (1989).
 
 
 16
 The district court did not address the defendants' requests for attorney's fees below. Although Johnson's action lacks an arguable basis in law or fact, our review of the record does not reveal exceptional circumstances which would justify an award of attorney's fees or appeal costs. Accordingly, we decline to award defendants such fees and costs. See id.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johnson filed an action in Arizona Superior Court for damages stemming from the response to his emergency medical call. Trial was held before Judge Harry Gin with Peter Collins representing the City of Tucson and Dr. F.A. Habra serving as one of Johnson's witnesses at trial. Judge Gin entered a directed verdict against Johnson. Johnson appealed the directed verdict to the state court of appeals which affirmed Judge Gin's ruling
 
 
 [2]
 Although the district court's dismissal of the action against the City of Tucson is without prejudice, it is nonetheless a final appealable order. See Ash v. Cvetkov, 739 F.2d 493, 494 (9th Cir.1984)