12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James C. HOGAN, Plaintiff-Appellant,
v.
Karen BRAZIER, Deputy State Public Defender, Defendant-Appellee.
 No. 93-16038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James C. Hogan, a former Nevada state prisoner, appeals pro se the district court's dismissal for failure to state a claim of his 42 U.S.C. Sec. 1983 action against Karen Braizer, a deputy state public defender. He contends that the district court erred in dismissing his claims that Braizer inadequately represented him and conspired with the district attorney in a state criminal proceeding. We review de novo, Kruso v. Int'l Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 A public defender "performing a lawyer's traditional functions as counsel to a defendant in a state criminal proceeding" does not act under color of state law and cannot be liable under section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Accordingly, the district court properly dismissed Hogan's claim that Braizer inadequately represented him. See id.
 
 
 4
 A public defender who conspires with state officials does act under color of state law and may be liable under section 1983. Tower v. Glover, 467 U.S. 914, 923 (1984). To prove conspiracy under section 1983, an agreement or a meeting of the minds to violate the plaintiff's constitutional rights must be shown. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 5
 In his complaint, Hogan merely alleged that Braizer conspired with the district attorney to prosecute him. He failed to allege any facts showing an agreement to deprive him of his constitutional rights. Accordingly, the district court properly dismissed his conspiracy claim.[1] See Tower, 467 U.S. at 923; Ivey, 673 F.2d at 288.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hogan also contends that the district court erred in denying his motion for a default judgment. Because Hogan had not served Braizer with a copy of the summons and complaint at the time he moved for a default judgment, the district court properly denied the motion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969)