51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Duane Everett McMICAN, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Defendant,
and
David GONZALEZ, Art Rubin; CSO Watkins; and Lt. Basurto,
Defendants-Appellees.
 No. 94-16558.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Duane Everett McMican, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in McMican's 42 U.S.C. Sec. 1983 action. In his complaint, McMican alleged that a prison guard had violated his civil rights by touching his groin and buttocks area during a routine pat-down search and that the guard and other prison officials conspired to cover-up the incident. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We must determine whether the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 It is well-established that prisoners do not forfeit all constitutional protections by reason of their convictions and confinement in prison. See Hudson v. Palmer, 468 U.S. 517, 523 (1984). Inmates, however, have only a very limited right to privacy in the prison search context. See Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir.1993) (en banc). Moreover, we have previously held that routine pat-down search are justified by the prison's need to locate contraband. See id. at 1531; Grummet v. Rushen, 779 F.2d 491, 493 (9th Cir.1985). Prison searches must, however, be conducted in a reasonable manner. See Bell v. Wolfish, 441 U.S. 520, 558 (1979).
 
 
 5
 To determine whether a prison search is reasonable a court must balance the prison's security and penological concerns against the prisoner's right to be free from unreasonable searches, by considering four factors: (1) the scope of the intrusion; (2) the manner in which the search is conducted; (3) the justification for initiating the search; and (4) the place in which the search is conducted. See Bell, 441 U.S. at 545; Grummet, 779 F.2d at 493.
 
 
 6
 Here, McMican was searched as part of a random pat-down search of inmates leaving the cell block dining hall. The pat-down search was conducted while McMican was fully clothed and did not involve force or any physical injury. By McMican's own estimate the prison guard's search of his groin and buttocks lasted only a few seconds. Moreover, the search was performed in accordance with prison pat-down search guidelines and was justified by the prison's need to insure that no contraband left the dining area. Given these circumstances, the district court correctly held that there was no genuine issue of material fact. See Bell, 441 U.S. at 548.
 
 
 7
 McMican also contends that the defendants conspired to coverup the incident. This contention lacks merit.
 
 
 8
 Conclusory allegations of conspiracy are insufficient to support a claim of conspiracy. See Aldabe v. Aldabe, 616 F.2d 1089, 1091 (9th Cir.1980). Moreover, "conspiracy allegations, even if established, does not give rise to liability under section 1983 unless there is an actual deprivation of civil rights." Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989) (citation omitted).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent McMican contends that the district court abused its discretion by denying his discovery requests, this contention lacks merit. Nothing sought by McMican would alter the legitimacy of the search or give rise to a constitutionally cognizable claim