65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lisa GYGAX; Venus Maher, Plaintiffs-Appellants,
v.
Levi GRULE; Victor Swift; Ted Walker; Steve Carey; Ernie
Carpenter, of the Sonoma County Board of
Supervisors, Defendants-Appellees.
 No. 95-15157.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs appeal the district court's dismissal of their civil rights action alleging violations of their first, fourth and fourteenth amendment rights. Their fourth amendment claim is based on an alleged trespass by several county employees. Their first and fourteenth amendment claims stem from the county's refusal to consider, respond to, or publish plaintiffs' untimely comments regarding the expansion of a nearby sewage treatment plant. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We agree with the district court that plaintiffs' allegations fail to state a claim cognizable under federal civil rights law. Accordingly, we affirm.
 
 
 3
 To state a claim based upon an unlawful "search," plaintiffs had to allege that the county employees invaded their home or its curtilage. See United States v. Traynor, 990 F.2d 1153, 1156 (9th Cir.1993) (whether an area is subject to fourth amendment protection turns on whether it is within the protected curtilage of the home). Plaintiffs' allegations that defendants disregarded "no trespassing" signs and proceeded up the driveway are insufficient in this regard. See Oliver v. United States, 466 U.S. 170, 184 (1984) (law of trespass has "little or no relevance to the applicability of the Fourth Amendment."); Traynor, 990 F.2d at 1157-59 (fact that a trespass occurs does not render an area within the curtilage). Moreover, plaintiffs fail to allege any facts from which we can infer that the county employees entered any area where plaintiffs carried on any "intimate activities associated with domestic life and the privacies of the home." United States v. Calabrese, 825 F.2d 1342, 1350 (9th Cir.1987) (internal quotation omitted).
 
 
 4
 We also agree with the district court that plaintiffs failed to state a claim for a first amendment violation. Plaintiffs' complaint reveals that they were on notice of the November 3rd deadline for comments, and that their comment arrived late. Because plaintiffs' comment did not comply with the county's content-neutral restrictions upon public comments, no first amendment violation can arise out of the county's failure to publish their comment. See Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293 (1984) (content-neutral time, place, or manner restrictions on speech do not violate the first amendment). Contrary to plaintiffs' assertion, a newspaper advertisement announcing a November 16th public hearing did not extend the deadline for submitting written comments, and thus, this adds nothing to plaintiffs' first amendment claim.
 
 
 5
 Plaintiffs' allegation that their right to due process was violated by the county's failure to publish and answer their comment letter also fails to state a claim. Plaintiffs fail to allege that they have a liberty or property interest in having their comment responded to and published. See Greenwood v. F.A.A., 28 F.3d 971, 975 (9th Cir.1994) (procedural due process applies to liberty or property interests). Even assuming, however, that such an interest exists, plaintiffs' comment was untimely and thus, no deprivation by a county employee occurred. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.1978) (to be held liable under section 1983, defendant must cause the constitutional violation).
 
 
 6
 We further conclude that plaintiffs' membership in the class of persons who sent comments between November 3rd and November 16th, and who did not have their comments published and answered, does not support an equal protection claim. It was rational for the county to treat timely comments differently from untimely comments. See Burnett v. Municipality of Anchorage, 806 F.2d 1447, 1450 (9th Cir.1986) (applying rational basis test to non-suspect classifications).
 
 
 7
 Likewise, plaintiffs' claim that the county employees breached an agreement to answer their comment letter in exchange for plaintiffs' promise not to pursue a restraining order must also fail. Because the right to have their letter answered is not guaranteed by federal statute or the Constitution, this allegation fails to state a claim. See Kiram-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988) (section 1983 protects citizens for violations of rights secured by the Constitution or federal statutes). Because plaintiffs have failed to state a claim for a civil rights violation arising out of the county's failure to answer their comment letter, plaintiffs' claim of conspiracy based upon the same conduct must also fail. See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4, accordingly, appellants' motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3