67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert CAMBONI, Husband; Shirley Camboni, Wife, Plaintiffs-Appellants,
v.
Fife SYMINGTON, jointly & severally as an individual; City
of Apache Junction, an Arizona Municipal corporation; Jean
Perkins, jointly & severally as an individual; Keith
Hendricks, jointly & severally as an individual; Pat
Richmond, jointly & severally as an individual; Robin
Barker, jointly & severally as an individual; Douglas
Coleman, jointly & severally as an individual; Ed Cox,
jointly & severally as an individual; Paul Perkins, jointly
& severally as an individual; Michael Lee, jointly &
severally as an individual; Glenn Gimbut, jointly &
severally as an individual; George Hoffman, jointly &
severally as an individual; Jim Nakagawa, jointly &
severally as an individual; Rick Williams, jointly &
severally as an individual; Laura Isaacs, jointly &
severally as an individual; Frank Kennemur, jointly &
severally as an individual; Gil Verley, jointly & severally
as an individual; Brian Wyatt, jointly & severally as an
individual; Michael Schaffer, jointly & severally as an
individual; Terry Secor, jointly & severally as an
individual; Joyce Brown; Pinal County; Lionel D. Ruiz;
Sandie Smith; Jimmy B. Baker, Defendants-Appellees.
 No. 95-15027.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert and Shirley Camboni appeal pro se the district court's (1) dismissal of Arizona Governor Symington, Pinal County, the Pinal County Prosecutor and members of the Pinal County Board of Supervisors, and (2) summary judgment for the City of Apache Junction, several city officials and employees, and several private defendants in the Cambonis' 42 U.S.C. Sec. 1983 action alleging that the defendants violation their constitutional rights by enforcing the City's litter and sign ordinances and the state public nuisance law. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994) (summary judgment); Everest & Jennings v. American Motorist Ins. Co., 23 F.3d 226, 228 (9th Cir.1994) (dismissal for failure to state a claim), and affirm.[1]
 
 
 3
 * Dismissal
 
 
 4
 The Cambonis contend that the district court erred by dismissing Arizona Governor Symington, Pinal County, the Pinal County Prosecutor, and members of the Pinal County Board of Supervisors. This contention lacks merit.
 
 
 5
 The district court properly dismissed Governor Symington because state officials are not subject to liability under section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987) (citing Rizzo v. Goode, 423 U.S. 362, 377 (1976)).
 
 
 6
 The district court properly dismissed Pinal County and the members of the Board of Supervisors because a local government and its officials are not subject to liability under section 1983 based on a theory of respondeat superior. See Monell v. Department of Social Serv., 436 U.S. 658, 691-94 (1978). The district court also properly dismissed the Pinal County Prosecutor because he is entitled to absolute immunity for his actions "intimately associated with the judicial phase of the criminal process." See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). In addition, the district court properly dismissed the Cambonis' conspiracy claims against the county defendants because mere conclusory allegations of official participation in civil rights violations are insufficient to withstand a motion to dismiss. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 7
 We also conclude that the district court did not abuse its discretion by deeming timely the county defendants' motion to dismiss.
 
 II
 Summary Judgment
 
 8
 The Cambonis contend that the district court erred by granting summary judgment for the private party defendants and the City of Apache Junction defendants. This contention lacks merit.
 
 
 9
 The district court properly granted summary judgment for the private party defendants because mere conclusory allegations of a conspiracy without more, are insufficient to withstand a motion to dismiss or a motion for summary judgment. See id.; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 525 (9th Cir.1988).
 
 
 10
 The district court properly granted summary judgment for the City, City Manager Lee, Assistant City Manager Hoffman, Director Nakagawa, Zoning Administrator Issacs, and the City Council Members because a local government and its officials are not subject to liability under section 1983 based on a theory of respondeat superior. See Monell, 436 U.S. at 691-94. The district court properly granted summary judgment for City Attorney Gimbut because he is entitled to absolute immunity for his actions "intimately associated with the judicial phase of the criminal process." See Imbler, 424 U.S. at 430. The district court's summary judgment for Mayor Perkins, and Committee Members Kennemur and Verley because the Cambonis have failed to establish that their First Amendment rights were violated at the city council meeting. See Thomas v. Douglas, 877 F.2d 1428, 1433-34 (9th Cir.1989).
 
 
 11
 The district court also properly granted summary judgment for the City defendants on the Cambonis' conspiracy and First Amendment claims because the Cambonis failed to come forward with sufficient evidence to establish a conspiracy, see Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989), and because the district court properly concluded that the ordinances in question are reasonable, content neutral and serve a substantial government interest, see Renton v. Playtime Theaters, Inc., 475 U.S. 41, 46 (1986).
 
 
 12
 We have considered the Cambonis' contentions that the district court improperly held them to the same standards as attorneys and displayed bias and prejudice toward them and find them to be without merit.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees Wyatt, Schaffer, Secor and Brown's motion to file a late brief is granted. The court's notices of brief deficiency filed April 25 and 26, 1995, are vacated. Appellants' reply briefs served on April 22 and 24, 1995 are deemed filed. Appellants' motion to file an appendix of exhibits is granted