FILED

JUL 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD EDWARD BENTON, | No. 10-17785 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00907-RLH-PAL |
| v. | |
| TIMOTHY S. CORY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Donald Edward Benton appeals pro se from the district court's order

dismissing his civil rights complaint against various parties involved in his Chapter

7 bankruptcy case for lack of subject matter jurisdiction and failure to state a claim.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly, Benton's request for oral argument is denied.

We have jurisdiction under 28 U.S.C. § 1291. We review do novo, *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011), and we affirm.

The district court properly concluded that, under the *Barton* doctrine, it lacked subject matter jurisdiction over Benton's claims against bankruptcy trustee Timothy S. Cory and his counsel Cici Cunningham and Christine Roberts. *See Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970, 972 (9th Cir. 2005) (*Barton* doctrine applies to "a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity," even after the bankruptcy is closed).

The district court properly concluded that August Landis, Assistant United States Trustee for Benton's case, possesses quasi-judicial immunity, because Landis' review of Cory's conduct was undertaken in the course of his employment. *See Balser v. Dep't. of Justice*, 327 F.3d 903, 910 (9th Cir. 2003).

The district court also properly determined that Benton failed to state a claim against William Noall, Gregory Garman, and Matthew Zirzow because any claims are barred by a prior settlement agreement, and Benton failed to state a claim against Philip Gerson because the allegations of his involvement in the relevant events are conclusory. Benton's conclusory statements regarding Gerson's

involvement in those events are insufficient to state a claim. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

The district court did not abuse its discretion by failing to recuse itself sua sponte for bias, because Benton's allegations of judicial bias arise solely from the district court's rulings and orders in this case. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

We lack jurisdiction to review the district court's January 3, 2011 order sanctioning Benton as a vexatious litigant, as Benton never filed a notice of appeal from the order, and the exception for a premature notice of appeal does not apply. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1482-83 (9th Cir. 1996) (a premature notice of appeal is not effective where more than a ministerial task remains to be done by the court and the appellant could not be said to have reasonably confused the court's order with a final judgment).

We grant Benton's request for judicial notice of court filings in other proceedings, but deny as unnecessary his request for judicial notice of legal authorities. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

Benton's remaining contentions lack merit.

**AFFIRMED.**