106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell W. SPARKS, Plaintiff-Appellant,
v.
FAMILY SERVICES OF MILES CITY, MONTANA; Shirley Tiernan;
Terri Gable, Defendants-Appellees.
 No. 96-35005.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darell W. Sparks, a Montana state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action claiming that Family Services of Miles City[1] ("Family Services") violated his due process rights by failing to investigate Sparks' allegations that his former in-laws, Joan and David Eddy, are unfit guardians for his twelve-year-old son, Paul. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. Dismissal
 
 3
 We review de novo the district court's dismissal for failure to state a claim. See Woodrum v. Woodward County, 866 F.2d 1121, 1124 (9th Cir.1989).
 
 
 4
 Sparks contends that caseworker Terri Gable violated several Montana state laws by failing to investigate his complaints regarding the Eddys' suitability as guardians of Sparks's son. Sparks contends that Shirley Tiernan, Gable's supervisor, failed to investigate Gable's alleged misconduct.
 
 
 5
 "[W]hen a violation of state law causes the deprivation of a right protected by the United States Constitution, that violation may form the basis for a Section 1983 action." Lovell ex rel. Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir.1996). "Mere negligence or lack of due care by state officials in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983." Woodrum, 866 F.2d at 1126.
 
 
 6
 Here, Sparks is incarcerated for killing his wife, Marie Sparks. After Sparks's former in-laws, the Eddys, were granted guardianship of his son Paul, Sparks complained to Gable that the Eddys were unfit guardians. Gable interviewed Sparks about his concerns on May 18, 1993. Thereafter, Sparks requested and was granted a new guardianship hearing which resulted in the continued placement of Paul with the Eddys. Sparks did not allege that his son suffered any harm from being placed with the Eddys. The Montana statutory scheme does not require that Family Service employees provide investigatory services in guardianship proceedings.[2] See generally Mont. Code Ann. §§ 52-1-101 to 103 (1995).
 
 
 7
 Sparks's allegations that Gable failed to investigate Sparks's complaints at most evinces mere negligence which is not actionable under 42 U.S.C. § 1983. Woodrum, 866 F.2d at 1126. Even if Montana law required that Gable investigate Sparks's complaints, Sparks failed to show a deprivation of a federally protected right actionable under 42 U.S.C. § 1983. See Lovell, 90 F.3d at 370 (holding that 42 U.S.C. § 1983 offers no redress for the deprivation of a state-created interest that reaches beyond that guaranteed by the Federal Constitution). Sparks's claim against Tiernan for failing to investigate Gable's alleged misconduct fails because Sparks did not show that Tiernan personally participated in a constitutional violation. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 8
 In addition, Sparks's claims against Family Services and its officials, Gable and Tiernan, acting in their official capacity fail because they are not "persons" under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); DeNieva v. Reyes, 966 F.2d 480, 483 (9th Cir.1992).
 
 
 9
 Sparks's claim that Gable conspired with an attorney at the guardianship proceedings to deprive him of due process fails to state a claim because he did not show that any actual deprivation resulted from the alleged conspiracy. See Woodrum, 866 F.2d at 1126.
 
 
 10
 Accordingly, the district court did not err by dismissing Sparks' claims. See id. at 1124.
 
 B. Denial of Leave to Amend the Complaint
 
 11
 Because it is absolutely clear that the deficiencies of Sparks's complaint could not be cured by amendment without alleging facts inconsistent with the complaint, the district court did not abuse its discretion by denying Sparks's motion for leave to amend the complaint. See Stone v. Travelers Corp., 58 F.3d 434, 437 n. 1 (9th Cir.1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 C. Denial of Appointment of Counsel
 
 12
 Sparks's contention that the district court should have appointed counsel because of his alleged mental disease and his inability to investigate his claims lacks merit. Because Sparks did not show a likelihood of success on the merits or that his mental disease materially affected his ability to clearly articulate his claims, the district court did not abuse its discretion by refusing to appoint counsel for Sparks. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court noted that "Family Services of Miles City" is a state agency more properly referred to as "Montana Department of Public Health and Human Services, Family Services Division."
 
 
 [2]
 Although Sparks cites statutes which describe Family Services' general duty to assist children in need of care, see e.g. Mont.Code Ann. § 52-1-103 (1995), Sparks fails to identify a statute which requires that Family Services provide investigatory services in guardianship proceedings